UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

SIERRA MUSSMAN, individually          )
and as Personal Representative for    )
the Estate of Treyton Mussman,        )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        Case No. CIV-26-67-R
                                      )
FRONK OIL CO., INC. &                 )
CORY HAMMONDS,                        )
                                      )
        Defendants.                   )

## ORDER

Before the Court is the Motion to Dismiss filed by Defendants Fronk Oil Co., Inc.

and Cory Hammonds [Doc. No. 15]. Plaintiff Sierra Mussman filed a Response [Doc. No.

19] and Defendants filed a Reply [Doc. No. 21]. The matter is now at issue.

## BACKGROUND[1]

The facts as alleged are as follows: On February 14, 2025, Defendant Hammonds

was driving a tractor with a tanker propane trailer (collectively, the "semi") eastbound on

County Road Y in Guymon, Oklahoma [Compl., Doc. No. 1, ¶ 7]. At the same time,

decedent Treyton Mussman was driving a truck northbound on County Road Mile 30. *Id.*

¶ 9. Defendant Hammonds and Mr. Mussman approached the intersection between Road

Y and Road 30 at the same time. *Id.* Plaintiff asserts that Defendant Hammonds owed Mr.

---

[1] When reviewing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "take[s] the facts in the complaint as true . . . and [ ] views such facts in the light most favorable to the plaintiff[.]" *Knellinger v. Young*, 134 F.4th 1034, 1042 (10th Cir. 2025) (internal citations and quotation marks omitted).

1

Mussman the right-of-way pursuant to OKLA. STAT. tit. 47, § 11-401(B): "When two vehicles enter or approach an intersection from different highways at approximately the same time, . . . the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." *Id.* ¶¶ 13, 30(a). According to Plaintiff, Defendant Hammonds was negligently operating the semi by, among other conduct, speeding and failing to be attentive. *Id.* ¶¶ 14, 29. Hammonds failed to yield, causing a collision with Mr. Mussman's vehicle in the intersection. *Id.* ¶ 29(c). As a result, Mr. Mussman died. *Id.* ¶ 34.

At the time of the accident, Defendant Hammonds was operating the semi as an agent, servant, and employee of Defendant Fronk Oil, the owner of the semi. *Id.* ¶¶ 16, 23. Fronk Oil owns and operates 74 total power units and employs 59 drivers. *Id.* ¶ 20. According to Plaintiff, the semi was endorsed to carry hazardous materials, and Defendant Hammonds required a certification to drive those materials. *Id.* ¶ 8.

Plaintiff brought this action on behalf of herself and as representative for the Estate of Treyton Mussman, asserting claims for negligence and negligence per se against both Defendants. Defendants have moved to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), improper venue pursuant to Rule 12(b)(3), and failure to state a claim pursuant to Rule 12(b)(6). In the alternative, Defendants have moved to transfer venue to the Northern District of Texas.

## DISCUSSION

### I.     Personal Jurisdiction

Defendants first assert personal jurisdiction is lacking because they are not Oklahoma residents and do not have minimum contacts with the state. "Personal

2

jurisdiction over nonresident defendants is proper if an applicable statute authorizes service of process and if the exercise of jurisdiction comports with constitutional due process." *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1220 (10th Cir. 2021). The Federal Rules of Civil Procedure incorporate Oklahoma's long-arm statute, which is coextensive with the limits of the Due Process Clause. *Id.*; *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228-29 (10th Cir. 2020) (citing OKLA. STAT. tit. 12, § 2004(F)).

"The Fourteenth Amendment's Due Process Clause limits the jurisdiction of a state court over a nonresident defendant by requiring that it have 'certain minimum contacts' with the forum State to assure 'that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Hood*, 21 F.4th at 1221 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Under the specific-jurisdiction requirement, Plaintiff satisfies the minimum-contacts standard by showing that (1) the defendant has "purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state," *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (emphasis omitted) (internal quotation marks omitted); and (2) "'the litigation results from alleged injuries that arise out of or relate to those activities,'" *TH Agric. & Nutrition v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Plaintiff bears the burden of establishing personal jurisdiction by only a prima facie showing. *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964-65 (10th Cir. 2022).

"Purposeful availment requires actions by the Defendant which create a substantial connection with the forum state." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.,* 149 F.3d

3

1086, 1092 (10th Cir. 1998) (quotation omitted). This "ensures that a defendant will not be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008) (quotation omitted).

Plaintiff must show the defendant "deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quotation omitted). Plaintiff presents images of Fronk Oil's website indicating Fronk supplies western Oklahoma with lubricants and maintains a facility in Guymon, Oklahoma [Doc. Nos. 19-1, 19-2]. She also asserts Fronk directed Hammonds to drive Fronk's commercial vehicle into Oklahoma as part of substantial, ongoing operations there, and the collision occurred while Hammonds was engaged in those operations near Guymon.[2] These assertions amount to a prima facie showing that Fronk Oil deliberately exploited Oklahoma markets such that it has sufficient minimum contacts with Oklahoma.[3]

---

[2] "The plaintiff may make [a] prima facie showing [of personal jurisdiction] by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings*, 149 F.3d at 1091. The Court will consider the documents Plaintiff attached to her Response solely to determine whether she has made a prima facie showing. *See 24-7 Mach., LLC v. Warren Power & Mach., Inc.*, No. CIV-23-159-PRW, 2024 WL 1183071, at *3 n.16 (W.D. Okla. Mar. 19, 2024).

[3] Indeed, considering the documents attached to Plaintiff's Response, the Court marvels at Defendants' representations that the collision was an "isolated incident, not part of any pattern of conduct directed at Oklahoma . . . ." and that Defendants "did not seek out" Guymon "as a forum for their activities, nor . . . establish any meaningful ties to the state." Doc. No. 15, at p. 5.

Moreover, Plaintiff's claims "arise out of or relate to the defendant[s'] contacts with the forum." *Id.* (quotation omitted). Another court found similarly in a comparable case:

> Here, defendants Kerri Gleue and Gleue Harvesting, LLC were operating a tractor-trailer as a part of work on a nearby field. . . . This is precisely the same action defendants . . . undertake and direct at the forum state whenever they work in Oklahoma or drive through Oklahoma to work in Texas. . . . [T]his action happens multiple times each year, although defendants argue their work in Oklahoma is a relatively small part of their overall revenue.

*Shook v. Gleue Harvesting, LLC*, No. 4:22-CV-00208-JAR-SH, 2023 WL 1827837, at *4 (N.D. Okla. Feb. 8, 2023). Plaintiff represents that when the collision occurred, Hammonds was operating the semi (1) near Guymon, where Fronk keeps an office, (2) as Fronk's employee, and (3) as part of Fronk's work in Oklahoma. In other words, "the activity giving rise to the controversy is the same type of activity previously directed at the state." *Id.*

At a minimum, Plaintiff's suit "relates to" Defendants' in-state activity. *See Ford Motor Co.*, 592 U.S. at 362 (specific jurisdiction does not require proof of causation, but may be satisfied when the suit relates to defendant's contacts with the forum). Defendants exercised the privilege of conducting business activities within Oklahoma, thus "enjoying the benefits and protection of its laws." *Id.* at 360 (quotation omitted). Oklahoma may therefore hold Defendants "to account for related misconduct." *Id.* (citation omitted).

Furthermore, exercising personal jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. Defendants' only argument on this point is that they have no meaningful contacts with Oklahoma beyond the collision, such that requiring them to litigate in Oklahoma would unreasonably burden them. But Plaintiff has already made a prima facie showing that Fronk regularly seeks out Oklahoma as a

forum for the very business activities its employee was allegedly engaged in when the collision occurred.

Defendants do not discuss the other factors courts typically use when analyzing fair play and substantial justice:

> [] the forum state's interest in adjudicating the dispute; [] the plaintiff's interest in obtaining convenient and effective relief; [] the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and [] the shared interest of the states in furthering fundamental substantive social policies.

*Shook*, 2023 WL 1827837, at *3 (quoting *Burger King*, 471 U.S. at 477).

In any event, Oklahoma has an interest in "providing a forum in which [its] residents can seek redress for injuries caused by out-of-state actors." *OMI Holdings*, 149 F.3d at 1096 (citing *Burger King*, 471 U.S. at 483). Plaintiff has an interest in litigating in her home-state, where the injury occurred and many witnesses are located. Neither party discusses the remaining factors, but the Court does not find either to weigh heavily one way or another.

"[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of minimum contacts." *Id.* at 1092 (quotation omitted). Plaintiffs have made a strong showing of minimum contacts. Defendants have failed to support their argument that it would offend traditional notions of fair play and substantial justice for this Court to exercise jurisdiction over them in a case involving a harm caused (1) to an Oklahoma resident (2) in Oklahoma and (3) in a manner related to Defendants' business in Oklahoma.

6

Defendants have failed to defeat Plaintiff's prima facie showing of jurisdiction with a "compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King*, 471 U.S. at 477). This Court has personal jurisdiction over Defendants and Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.[4]

## II.    Venue

Defendants also move to dismiss for improper venue. FED. R. CIV. P. 12(b)(3). "The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

> When evaluating a motion to dismiss for improper venue, "'the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352, at 324 (3d ed. 2004)). "[A] plaintiff may rest on the well-pled facts in the complaint to oppose a motion to dismiss for improper venue, but 'only to the extent that such facts are uncontroverted by defendants' evidence." *Id.* at 1260 (quoting *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998)). The Court generally "may consider evidence outside the complaint such as a defendant's affidavits" without converting the Rule 12(b)(3) motion to one for summary judgment. *Cox v. Mobilex USA*, No. CIV-16-6-M, 2016 WL 4920185, at *2 (W.D. Okla. Aug. 16, 2016), *report and recommendation adopted*, No. CIV-16-6-M, 2016 WL 4916847 (W.D. Okla. Sep. 14, 2016) . . . .

*Brifen USA, Inc. v. Briggs Bros. Enters. Corp.*, No. CIV-22-200-G, 2024 WL 1363892, at *7 (W.D. Okla. Mar. 29, 2024) (citations modified).

---

[4] Because this Court may exercise specific jurisdiction over Defendants, it declines to address whether it also has general jurisdiction over Defendants.

Plaintiff purports to establish venue pursuant to 28 U.S.C. § 1391(b)(2): "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Under § 1391(b)(2), "venue is not limited to the district with the *most* substantial events or omissions." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165 (10th Cir. 2010). "Venue can be appropriate in more than one district and permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts." *Id.* at 1166 (quotation and alterations omitted). In determining whether venue is appropriate under § 1391(b)(2), courts first "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims" and then "determine whether substantial 'events material to those claims occurred' in the forum district." *Id.* (citations, quotations, and alterations omitted).

Plaintiff has alleged claims based in tort. The actions underlying her claims include Fronk Oil hiring, training, and entrusting its semi to its employee Hammonds. Hammonds, acting as Fronk Oil's employee, drove the semi into Oklahoma, where Fronk Oil appears to conduct regular business. There, Plaintiff alleges Hammonds drove negligently and broke various laws and regulations while driving, leading to the vehicle collision and Mr. Mussman's death. Oklahoma highway patrol officers participated in the investigation of, and Guymon EMS responded to, the accident [Doc. No. 19-3].

"While recognizing that some of the substantial events underlying plaintiff's claims took place elsewhere, the court nonetheless concludes that plaintiff has shown the occurrence in this district of 'acts and omissions that have a close nexus to the alleged claims.'" *Kirby-Smith Mach., Inc. v. Holmgren Enters., Inc.*, No. CIV-13-374-HE, 2013

WL 6198200, at *5 (W.D. Okla. Nov. 27, 2013) (quoting *Bartile Roofs*, 618 F.3d at 1166). "Therefore, the substantiality requirement is met and venue is proper" in the Western District of Oklahoma. *Id. See also Korby v. Fed. Express Corp.*, No. 25-4811, 2026 WL 473345, at *1, 3 (E.D. Pa. Feb. 18, 2026) (venue for wrongful death action arising from a motor vehicle accident was proper in the District of Minnesota because the case concerned "a Minnesota crash, investigated by Minnesota authorities, which involved Minnesota emergency and post-accident services and Minnesota-centered evidence"). Defendants' motion to dismiss for improper venue is therefore DENIED.

Alternatively, Defendants move to transfer this action to the Northern District of Texas. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff does not dispute this action may have been brought in the Northern District of Texas.[5] The Court will therefore turn to the discretionary factors for determining whether transfer would be proper:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

---

[5] "A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). On the record before this Court, it appears both Defendants reside in Texas. Thus, this action could have been brought in the Northern District of Texas.

*Bartile Roofs*, 618 F.3d at 1167 (quotation omitted). "The 'party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.'" *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). "The decision regarding whether to transfer an action is in the discretion of the district court." *Pair v. Postal Fleets Servs., Inc.*, No. CIV-21-759-G, 2023 WL 5090040, at *1 (W.D. Okla. July 7, 2023) (citing *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

"'[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed.'" *Bartile Roofs*, 618 F.3d at 1167 (quoting *Scheidt*, 956 F.2d at 965). Plaintiff's choice receives less deference if she does not reside in the district or the facts giving rise to the lawsuit lack a material relation or significant connection to the district. *Id.* at 1168 (citations and quotations omitted). Plaintiff resides in the Western District of Oklahoma. And because, as already discussed, "some facts related to this lawsuit are connected to Oklahoma, Plaintiff's choice of forum weighs strongly in favor of retaining the case in this district." *Wichert v. Ohio Sec. Ins. Co.*, No. CIV-21-976-D, 2021 WL 5762799, at *2 (W.D. Okla. Dec. 3, 2021).

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Bartile Roofs*, 618 F.3d at 1169 (quotation omitted). Courts also examine the location of evidence under this factor. *Id.*

> To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) "indicate the quality or materiality of [their] testimony"; and (3) "show[ ] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary." *Scheidt*, 956 F.2d at 966

(brackets omitted) (internal quotation marks omitted); *see* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3851, at 227-28 (3d ed. 2007) ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, . . . the application for transferring the case should be denied . . . ."); 17 James Wm. Moore *et al.*, *Moore's Federal Practice* § 111.13[f][v] (3d ed. 2010) ("The materiality of the prospective witnesses [sic] testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be weighed." (citation omitted)).

*Id.* (citations modified).

Another Oklahoma district court found the convenience factor neutral where, though most evidence and witnesses were in Colorado, the

> defendants [had] not shown that the witnesses at issue would be unwilling to appear for trial or that their deposition testimony would be unsatisfactory. The witnesses identified [were] all either employees of the defendants or attorneys or accountants representing [one of the defendants]. Given their close ties to the defendants, the court doubt[ed] that compulsory process would be necessary to ensure their appearance. Because witnesses and evidence relevant to this case [were] located in both districts, the court [found] that this factor [was] neutral.

*DJRJ, LLC v. U-Swirl, Inc.*, No. 16-CV-21-GKF-FHM, 2016 WL 1629288, at *8 (N.D. Okla. Apr. 22, 2016); *see also Leatherman v. CoreCivic, Inc.*, No. 21-CV-65-GKF-SH, 2021 WL 12164817, at *2 (N.D. Okla. June 30, 2021) (convenience factor weighed slightly against transfer where many witnesses resided in a nearby district but defendants failed to show any would be unwilling to come to trial); *Vaughn v. Byrd*, No. CIV-14-0262-HE, 2014 WL 2983361, at *3 (W.D. Okla. July 1, 2014) (court noted likelihood that most witnesses were in Texas, but defendants' lack of specific arguments on the issue failed to make the convenience factor determinative).

11

Here, Defendants represent that the Northern District Court of Texas in Amarillo is more convenient because most of the Oklahoma witnesses live near Guymon, which is closer to Amarillo than Oklahoma City. Defendants further support their argument by stating the semi, employee records, and other documents are in Texas, and the facts related to Plaintiff's negligent entrustment, hiring, and supervision claims arose in Texas.

Defendants have not discussed the quality or materiality of the witness' testimony, nor have they shown any witnesses would be unwilling to come to trial in Oklahoma City, that deposition testimony would be unsatisfactory, or use of compulsory process would be necessary. The Texas witnesses Defendants reference appear to have close ties to Defendant. Furthermore, Plaintiff asserts, and this Court agrees, that relevant documents could be scanned and used electronically, and such routine document production would be required regardless of where the case is litigated.[6] Plaintiff represents her willingness to investigate the semi in Texas and suggests the semi be photographed for the jury. Accordingly, though the Court notes the proximity of many witnesses and evidence to Amarillo, this factor only slightly weighs in favor of transfer.

Defendants conclusively assert transporting documents and physical evidence to Oklahoma would impose significant expense. "There is not sufficient evidence before the court to find that the potential costs and inconveniences to [Defendants] of litigating this matter in [Oklahoma] so outweigh the corresponding costs and inconvenience to plaintiff of litigating the matter in [Texas] that a transfer is justified." *Pehr v. Sunbeam Plastics*

---

[6] Defendants did not provide sufficiently specific arguments related to hardships they would suffer from having to produce relevant documents if the case remains in Oklahoma.

*Corp.*, 874 F. Supp. 317, 321 (D. Kan. Jan. 6, 1995); *see also Bartile Roofs*, 618 F.3d at 1169 (cost-of-proof factor failed to justify transfer because record lacked evidence concerning potential costs of litigating in the chosen forum). Defendants have simply failed to demonstrate this factor weighs in favor of transfer.

With respect to conflict-of-laws, Plaintiff argues and Defendants do not dispute that Oklahoma law applies to Plaintiff's claims. "In a diversity action, courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law." *Id.* However, this factor receives less weight where the legal issues are relatively simple and because federal judges are qualified to apply state law. *Id.* (citations omitted). This factor therefore weighs only slightly against transfer.

Defendants argue that because a substantial part of the events occurred in Texas, transfer is proper. The Court notes that while this may be true, a substantial part of the events also occurred in Oklahoma. *See Vaughn*, 2014 WL 2983361, at *3 (though defendants argued most of the events arose in Texas, "court conclude[d] that factor, coupled with" defendants' failure to demonstrate inconvenience and other circumstances, "[did] not warrant overriding plaintiff's choice of forum").

The parties do not present substantive arguments on difficulties that may arise from congested dockets. "The court is, in any event, willing and able to move this case to resolution as quickly as the parties' efforts permit." *Id.* As to the remaining factors, which the parties do not discuss, the Court finds them "either neutral or irrelevant." *Bartile Roofs*, 618 F.3d at 1170. "[Defendants have] not identified any obstacles to a fair trial in

13

[Oklahoma]." *Id.* (citation omitted). "[Defendants] also [have] not raised any questions regarding the enforceability of a judgment against" them. *Id.* (citations omitted).

Though litigating in Texas may be more convenient for some parties and witnesses, Defendants have not met their burden of establishing this forum is inconvenient. The Court is simply not persuaded that the balance *strongly* favors transfer. Defendants' motion to transfer is DENIED.

## III.   Failure to State a Claim

Finally, Defendants move to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a Rule 12(b)(6) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* FED. R. CIV. P. 8(a)(2). And while the Court "must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still 'must nudge the claim across the line from conceivable or speculative to plausible.'" *Brown*, 124 F.4th at 1263 (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). "Mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This typically requires a complaint to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what

14

specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court's task is to consider the complaint's allegations "as a whole." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Nasious*, 492 F.3d at 1163.

> [T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context: "Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case. . . ." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231-32 (10th Cir. 2008). A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time. *See* Form 9, Complaint for Negligence, Forms App., Fed. Rules Civ. Pro., 28 U.S.C.App., p. 829 (discussed in *Twombly*, 550 U.S. at 565, n.10).

*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations modified).

Defendants contend each of Plaintiff's claims lack factual statements sufficient to meet the *Iqbal*/*Twombly* standard.

Plaintiff has adequately pleaded her negligence claim against Defendant Hammonds. The three elements of negligence are: "(1) a duty owed by the defendant to protect plaintiff from injury[,] (2) failure to fulfill that duty[,] and (3) injuries to plaintiff proximately caused by defendant's failure to meet the duty." *Fargo v. Hays-Kuehn*, 352 P.3d 1223, 1227 (Okla. 2015). "In applying these principles to automobile negligence cases, [the Oklahoma Supreme Court has] long recognized that drivers have a duty to operate their vehicle with due care." *Id.* Plaintiff pleads that Defendant Hammonds was

15

operating an automobile, was speeding and failed to yield when he should have, and such behavior caused Mr. Mussman's death.[7] This is enough to plead a simple negligence claim. Defendants' motion to dismiss this claim is DENIED.

Next, Defendants assert Plaintiff does not allege "even an inkling" beyond legal conclusions with respect to her respondeat superior theory of liability against Fronk Oil. "[R]espondeat superior holds the master liable for injury proximately resulting from the negligent act of a servant done while in the course and scope of the servant's employment with the master." *Fox v. Mize*, 428 P.3d 314, 319 (Okla. 2018). Plaintiff alleges details regarding the nature of Fronk Oil's business, which involves drivers operating vehicles such as semis/power units, seemingly to transport hazardous materials. Compl. ¶¶ 8, 19-22. Further, she clearly states that "[a]t all relevant times, Defendant Hammonds was operating the semi as an agent, servant, and employee of Defendant Fronk Oil," Compl. ¶ 23, "with the knowledge, consent, and permission of Defendant Fronk Oil," *id.* ¶ 25.

"Defendant[s'] argument on this issue is one small step short of frivolous." *CTC, Inc. v. Schneider Nat'l Inc.*, No. CIV-20-1235-F, 2021 WL 2295512, at *1 (W.D. Okla. June 4, 2021). "The complaint plausibly alleges that [Defendant Hammonds], at the time

---

[7] The Court is struck by the number of misrepresentations made by Defendants throughout their Motion. Defendants contend Plaintiff does not *once* state Defendant Hammonds owed a duty to Plaintiffs or specify the *type* of duty owed. Yet the Complaint states that "Defendant Hammonds, approaching an intersection with a vehicle traveling from his right, owed the duty to yield to traffic traveling North on County Road Mile 30," Compl. ¶ 13, "At all relevant times defendant Hammonds had a duty to operate the semi with reasonable care," Compl. ¶ 27, and "Defendant Hammonds was required to operate the semi in a safe, careful, prudent, and lawful manner," *id.* ¶ 28. Given these assertions and the accompanying factual allegations, the Court cannot help but wonder whether Defendants even bothered to read the entire Complaint before composing their Motion.

of the accident, was acting within the scope of his employment, and no facts are alleged which suggest otherwise." *Id.* Defendants' motion to dismiss this theory of liability is DENIED.

Defendants also move to dismiss Plaintiff's claims against Fronk Oil for negligent entrustment and negligent hiring, training, supervision, and retention. To plead either of these claims, plaintiffs must allege facts related to the defendants' prior knowledge of the carelessness or incompetence of the one being hired, trained, supervised, retained, or entrusted with an automobile. *See Johnson v. Loutzenhiser*, No. CIV-20-704-D, 2020 WL 7327320, at *1 (W.D. Okla. Dec. 11, 2020) (citations and quotations omitted) (negligent entrustment claim "exists when a person . . . allows another driver to operate [their] automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent. . . . Knowledge of the driver's incompetence is a necessary component."); *Nichols v. Gipson*, No. CIV-21-779-D, 2021 WL 5762800, at *2 (W.D. Okla. Dec. 3, 2021) (quoting *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999)) ("An employer is found liable [for negligent hiring, training, supervising, and/or retaining] if 'at the critical time of the tortious incident[], the employer had reason to believe that the employee would create an undue risk of harm to others.'[] Prior knowledge of the employee's 'propensity to commit the very harm for which damages are sought' is a necessary component."). Plaintiff has not alleged any facts related to Fronk Oil's prior knowledge of Hammonds's driving incompetence or the likelihood he would create an undue risk of harm to others. Accordingly, Plaintiff's negligent entrustment, hiring, training, supervision, and retention claims are DISMISSED.

17

Defendants further assert Plaintiff failed to sufficiently allege any negligence per se claims against Defendant Hammonds. "The negligence per se doctrine is employed to substitute statutory standards for parallel common law, reasonable care duties." *Howard v. Zimmer*, 299 P.3d 463, 467 (Okla. 2013). "The following elements must be shown in order to establish negligence per se: (1) the claimed injury is of a type intended to be prevented by the statute or regulation; (2) the injured party is a member of the class intended to be protected by the statute or regulation; and (3) the claimed injury was caused by the statutory or regulatory violation." *Woska v. Health Care Serv. Corp.*, No. CIV-17-89-D, 2018 WL 992047, at *3 (W.D. Okla. Feb. 20, 2018) (quoting *Howard*, 299 P.3d at 467).

> "[T]o satisfy *Iqbal* and *Twombly* by showing a plausible entitlement to relief on a claim of negligence per se," the complaint must "identify a *specific* regulation and then allege facts plausibly suggesting a violation of *that specific statute*; otherwise a right to relief on such a claim is merely possible, and not plausible." At the same time, however, some courts have held that the failure to specify a particular statute is not fatal to a claim for negligence per se, so long as it still "alleges particular conduct that clearly violates a statute or regulation."

*Young through Young v. Kerr McGee Corp.*, 658 F. Supp. 3d 1028, 1040 (E.D. Okla. 2023) (footnote omitted). Plaintiff identifies the statutes she bases her negligence per se claims upon but only supports some of them with sufficient factual allegations.[8]

With respect to OKLA. STAT. tit. 47 § 11-401(B) (requiring vehicles on the left to yield to vehicles on the right when simultaneously approaching an intersection) and OKLA. STAT. tit. 47, § 11-201 (requiring drivers to obey traffic-control devices such as signs),

---

[8] Defendants do not meaningfully argue that Plaintiff failed to sufficiently allege the three elements for each of her negligence per se claims. Instead, they focus their attentions on the factual sufficiency of her claims. The Court will similarly focus its analysis.

18

Plaintiff has alleged facts sufficient to support her negligence per se claims. She clearly alleges Defendant Hammonds failed to yield to Mr. Mussman, who was on his right, as they approached an intersection. She also alleges Hammonds was speeding, which the Court finds is just plausible enough to suggest he was disregarding any posted speed limit signs in violation of § 11-201.[9] Defendants' motion to dismiss these claims is DENIED.

Plaintiff's other negligence per se claims are based on federal regulations. "The Oklahoma Supreme Court has allowed a negligence *per se* claim based on violation of a federal regulation." *Nichols*, 2021 WL 5762800, at *3 (citing *Howard*, 299 P.3d at 467-68, 472-73). Plaintiff asserts Hammonds violated 49 C.F.R. § 392.2, which requires commercial motor vehicles to "be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which" they are operated. District courts in Oklahoma have dismissed negligence per se claims based upon § 392.2 because it is "'too vague to meet the positive objective standard test under Oklahoma . . . law' to support a negligence *per se* claim."[10] *Nichols*, 2021 WL 5762800, at *3 (quoting *Conway v. Lone Star Transp., LLC*, No. 19-CV-0658-CVE-FHM, 2020 WL 609750, at *5 (N.D. Okla. Feb. 7, 2020)). Thus, Plaintiff cannot bring a negligence per se claim based on § 392.2, and it is DISMISSED.

---

[9] In making this statement, the Court issues no ruling upon whether speed limit signs fall under the type of signs contemplated by § 11-201, or whether any speed limit signs were nearby. As the parties do not discuss this point at this time, neither will the Court.

[10] "A negligence per se instruction is not appropriate where the terms of the statute do not impose positive objective standards." *Smith v. Barker*, 419 P.3d 327, 333 (Okla. Civ. App. 2017).

The rest of Plaintiff's negligence per se claims against Defendant Hammonds are insufficiently supported with factual allegations. She claims Hammonds violated 49 C.F.R. § 391.11 (requiring drivers to be qualified, particularly by being at least 21, able to read English, properly trained or experienced, etc.). But she fails to contend Hammonds violated any of these requirements. *See Rivas v. Martinez*, No. EP-24-CV-70-KC, 2024 WL 4206122, at *5 (W.D. Tex. Sep. 16, 2024) ("Plaintiff does not allege which, if any, of the particular qualifications in section 391.11 Defendant lacked, much less how the lack of said qualification was causally connected to the accident."); *Heard v. Loughney*, No. CIV 16-487 JP/SCY, 2016 WL 10179246, at *3 (D.N.M. July 14, 2016) (finding similarly).

Plaintiff's other negligence per se claims are just as deficient. She claims Hammonds violated 49 C.F.R. § 392.3 (forbidding drivers from operating commercial motor vehicles while ill or fatigued such that their ability or alertness is impaired), 49 C.F.R. § 392.4 (forbidding driving while influenced by drugs or similar substances), 49 C.F.R. § 392.5 (forbidding driving while influenced by alcohol), and 49 C.F.R. § 392.80 (forbidding driving while using a hand-held mobile telephone). Plaintiff conclusively alleges Hammonds was operating the tractor while impaired, fatigued, inattentive, or distracted, but provides no factual allegations beyond this. She does not make any claims related to Hammonds using drugs, alcohol, or a telephone while driving. Her conclusory allegations that Hammonds violated §§ 392.3, 392.4, 392.5, and 392.80 are simply insufficient to meet Rule 8 standards. *See Conway*, 2020 WL 609750, at *4 (dismissing negligence per se claim based on § 392.3 violation because plaintiff failed to allege facts

20

that the driver was impaired in any way, instead claiming he made an improper lane change and U-turn). Accordingly, these negligence per se claims are DISMISSED.[11]

Defendants also allege Plaintiff's claims of gross negligence are insufficiently pled. "Gross negligence is characterized as reckless indifference to the consequences." *Myers v. Lashley*, 44 P.3d 553, 563 (Okla. 2002).

> Oklahoma defines gross negligence as "want of slight care and diligence," Okla. Stat. tit. 25 § 6, and further defines slight care or diligence as that which "persons of ordinary prudence usually exercise about their own affairs of slight importance." *Id.* at § 4. . . . [G]ross negligence[ ] differs from standard negligence *only* in degree, *see NMP Corp. v. Parametric Tech. Corp.*, 958 F. Supp. 1536, 1546 (N.D. Okla. 1997)[.] . . . The conduct at issue in this case represents a question of fact as to the degree of [Defendants'] negligence. As such, the court concludes that the question of whether [Defendants] are liable for gross negligence is not a matter to be resolved on a motion to dismiss. *Fox v. Okla. Mem'l Hosp.*, 774 P.2d 459, 462 (Okla. 1989).

*Cherokee Nation v. McKesson Corp.*, 529 F. Supp. 3d 1225, 1239 (E.D. Okla. 2021) (citations modified); *see also Maynor v. AAM Network, Inc.*, No. 23-cv-379-GLJ, 2024 WL 345478, at *3 (E.D. Okla. Jan. 30, 2024) (though factual allegations supporting gross negligence were sparse in case involving defendant slamming into rear of plaintiff's vehicle, court declined to resolve gross negligence question at motion to dismiss stage).

Though the question is close, Plaintiff's allegations amount to a plausible claim that Hammonds was behaving recklessly when the collision happened. Whether Defendants are liable for gross negligence is not a matter to be decided on a motion to dismiss. Defendants' motion to dismiss Plaintiff's gross negligence claims is DENIED.

---

[11] Defendants do not appear to argue Plaintiff's negligence per se claims against Fronk Oil are insufficient in any way. These claims survive.

Defendants also assert Plaintiff fails to support her claims for damages and punitive damages. Plaintiff has plausibly alleged that Hammonds's conduct while operating the semi, resulting in Plaintiff's husband's death, ultimately caused her the loss of financial support, household services, society, services, companionship, and marriage relationship, as well as resulted in property damage, lost future inheritance, and funeral and burial services. Defendants' conclusory argument that such claims for damages fail to meet *Iqbal*/*Twombly* standards does not persuade this Court otherwise.

Furthermore, because "a request for punitive damages is not a 'claim for relief' nor is it a separate cause of action[,] . . . a 12(b)(6) motion, which tests whether a basis for [a] claim is stated, is not a proper means of challenging the propriety of a request for punitive damages." *Okla. ex rel. Wilson v. Axion Re, LP*, No. CIV-17-0484-HE, 2018 WL 1221395, at *1 (W.D. Okla. Mar. 8, 2018) (citing *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011)) (citations omitted). Under Oklahoma law, punitive damages are available in actions involving gross negligence. *Myers v. Bhullar*, 609 F. Supp. 3d 1232, 1238 (W.D. Okla. June 29, 2022). Because Plaintiff has stated a claim for gross negligence, Defendants' motion to dismiss her claim for punitive damages is DENIED.

## CONCLUSION

In accordance with the above, Defendants' Motion to Dismiss is PARTIALLY GRANTED and PARTIALLY DENIED.

IT IS SO ORDERED this 19th day of May, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**